# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1156

_____

| | | |
|---|---|---|
| Russell Oil Company, Inc., | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Arkansas |
| | * | |
| Citgo Petroleum Corporation, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: September 16, 1999
Filed: October 18, 1999

_____

Before BOWMAN, LAY, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Russell Oil Co., Inc. (Russell), an oil distributor, sued its wholesaler, Citgo Petroleum Corporation (Citgo), alleging ten causes of action. Citgo counterclaimed with five causes of action of its own. Most of the claims and counterclaims were dismissed by the District Court,[1] leaving the jury to consider only contract claims by each party against the other. The jury found in favor of Citgo on both. Russell appeals.

_____

[1]The Honorable Henry Woods, Senior Judge, United States District Court for the Eastern District of Arkansas.

Russell alleges errors in the jury instructions. We review the instructions for abuse of discretion and must determine simply whether the instructions, taken as a whole and viewed in light of the evidence and applicable law, fairly and adequately submitted the issues in the case of the jury. See Martin v. Wal-Mart Stores, Inc., 183 F.3d 770, 773 (8th Cir. 1999). Even if an error occurred, we reverse only if the error affected the substantial rights of the parties. See id.

Russell's contract claim against Citgo is based on Citgo's undisputed promise to guarantee a portion of a bank loan for Russell. The loan never closed, however, and the parties sharply dispute the reason for this failure. Russell argued to the jury that, through delay or other tactics, Citgo sabotaged the loan. Citgo argued that it would have guaranteed the loan, but never had the opportunity to do so because Russell failed to move the loan forward. A jury interrogatory asked whether Citgo stood "willing and able" to guarantee the loan, and the jury answered affirmatively. A "willing and able" interrogatory was not given with respect to Citgo's contract claim against Russell, which concerned amounts due for oil previously delivered. Russell argues that this was error. We disagree. An extended discussion of the controlling state law would serve no useful precedential purpose. We believe the jury instructions were appropriate and reject Russell's claim of error without further discussion.

Russell also appeals the District Court's decision during the trial to grant judgment as a matter of law on Russell's slander claims. After careful review, we agree with the District Court that Russell's evidence on the slander claims was insufficient to reach the jury. See Dhyne v. Meiners Thriftway, Inc., 184 F.3d 983, 988 (8th Cir. 1999) (standard of review is de novo). Again, a discussion of the controlling state law would not serve any useful purpose. Russell argues that the District Court's decision on the matter during the trial prevented Russell from presenting its full case and prejudiced the jury. However, Russell was provided with an opportunity to make a proffer of proof for the record, and cannot demonstrate that the District Court's

decision, made during a bench conference, influenced or was even heard by the jury.

AFFIRMED.  <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.